1

2

3

4

5

6

7

8

9 UNITED STATES DISTRICT COURT

10 EASTERN DISTRICT OF CALIFORNIA

11

12 LEE ANDREW CAIN,                )        1:07-CV-01571 OWW GSA HC
                                   )
13            Petitioner,          )        FINDINGS AND RECOMMENDATIONS
                                   )        REGARDING PETITION FOR WRIT OF
14     v.                          )        HABEAS CORPUS
                                   )
15 D. SMITH, Warden, et al.,       )
                                   )
16            Respondents.         )
                                   )

17

18 _____ Petitioner is a federal prisoner proceeding pro se with an application for writ of habeas

19 corpus pursuant to 28 U.S.C. § 2241.

**BACKGROUND**[1]

20

21        Petitioner is currently in custody of the Bureau of Prisons at the United States Penitentiary

22 located in Atwater, California, pursuant to a judgment of the United States District Court, Northern

23 District of California, entered on March 12, 2001, following his conviction by plea of guilty to illegal

24 possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1).  Petitioner was sentenced to

25 a determinate prison term of 108 months in federal prison.

26        On October 26, 2007, Petitioner filed the instant petition for writ of habeas corpus

27

28        _____

          [1]This information is derived from the Petition for Writ of Habeas Corpus.

U.S. District Court
E. D. California       cd                                    1

1   (hereinafter "Petition") in this Court. Petitioner alleges that his sentence was not properly credited for

2   the time he spent in official custody prior to the commencement of his sentence.

3   **DISCUSSION**

4   I.  Jurisdiction

5          A federal prisoner who wishes to challenge the validity or constitutionality of his conviction

6   or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28

7   U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988);  Thompson v. Smith, 719

8   F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman,

9   643 F.2d 1131, 1134 (5th Cir.1981).   In such cases, *only the sentencing court has jurisdiction*.

10   Tripati, 843 F.2d at 1163.   A prisoner may not collaterally attack a federal conviction or sentence by

11   way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Grady v. United States,

12   929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616

13   F.2d 840, 842 (5th Cir.1980).

14          In contrast, a federal prisoner challenging the manner, location, or conditions of that

15   sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.

16   Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998);  United States v. Tubwell, 37 F.3d 175,

17   177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United

18   States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991);  Barden v. Keohane, 921 F.2d 476, 478-79 (3rd

19   Cir. 1991);  United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United

20   States, 610 F.2d 672, 677 (9th Cir. 1990).

21          In this case, Petitioner is challenging the execution of his sentence.  Therefore, the Court has

22   jurisdiction to hear the instant claims in a habeas petition pursuant to § 2241.

23   II.  Exhaustion

24          A petitioner who is in federal custody and wishes to seek habeas relief pursuant to 28 U.S.C.

25   § 2241 must first exhaust available administrative and judicial remedies. Brown v. Rison, 895 F.2d

26   533, 535 (9th Cir.1990); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir.1984).  It is

27   only after a petitioner has fully exhausted his administrative remedies that he becomes entitled to

28   present his claims to the federal court. See United States v. Mathis, 689 F.2d 1364, 1365 (11th

1  Cir.1982).  In <u>Ruviwat v. Smith</u>, 701 F.2d 844, 845 (9th Cir.1983) (per curiam), the Ninth Circuit

2  explained why a petitioner must first exhaust his administrative remedies before filing for habeas

3  relief: "The requirement of exhaustion of remedies will aid judicial review by allowing the

4  appropriate development of a factual record in an expert forum; conserve the court's time because of

5  the possibility that the relief applied for may be granted at the administrative level; and allow the

6  administrative agency an opportunity to correct errors occurring in the course of administrative

7  proceedings. <u>See also</u> <u>Chua Hah Mow,</u> 730 F.2d at 1313.

8       However, the exhaustion requirement was judicially created; it is not a statutory requirement.

9  <u>Chua Han Mow</u>, 730 F.2d at 1313; <u>Montgomery v. Rumsfeld</u>, 572 F.2d 250, 252 (9th Cir.1978).

10  Because exhaustion is not required by statute, it is not jurisdictional. <u>Morrison-Knudsen Co., Inc. v.</u>

11  <u>CHG Int'l, Inc.</u>, 811 F.2d 1209, 1223 (9th Cir.1987), *cert. dismissed*, 488 U.S. 935 (1988);

12  <u>Montgomery</u>, 572 F.2d at 252.  "Where exhaustion of administrative remedies is not jurisdictional,

13  the district court must determine whether to excuse the faulty exhaustion and reach the merits, or

14  require the petitioner to exhaust his administrative remedies before proceeding in court." <u>Brown</u>, 895

15  F.2d at 535.

16       In this case, Petitioner states he has exhausted his available remedies by pursuing all levels of

17  administrative remedies. Accordingly, it appears Petitioner has completely exhausted his remedies.

18  <u>III.  Review of Petition</u>

19       On November 29, 1999, Petitioner was arrested by the FBI and taken into federal custody.

20  <u>See</u> Petition at 4. Following a bond hearing in the United States District Court for the Northern

21  District of California, on January 20, 2000, Petitioner was released on bond to Pretrial Services for

22  placement in a halfway house at Cornell Corrections. <u>See</u> Exhibit 1, Petition.  On March 12, 2001,

23  Petitioner pled guilty to violating 18 U.S.C. § 922(g)(1).  Petitioner began serving his 108-month

24  sentence following sentencing on April 29, 2002. <u>See</u> Petition at 4.

25       Petitioner was given credit for 57 days for the time he spent in jail prior to being released on

26  bond; however, Petitioner was not given any credit for the 235 days he spent in the halfway house

27  while he was released on bond. Petitioner alleges that the time he spent in the halfway house was

28  time spent in "official custody."  Petitioner claims his sentence should be credited with this time.

U.S. District Court

E. D. California

cd

1    Under 18 U.S.C. § 3568, "[t]he Attorney General shall give any such person credit toward

2  service of his sentence for any days spent in custody in connection with the offense or acts for which

3  sentence was imposed."  The Ninth Circuit has held that "[i]t is the administrative responsibility of

4  the Attorney General, the Department of Justice, and the Bureau of Prisons to compute sentences and

5  apply credit where it is due. It is not the province of the sentencing court." United States v. Clayton,

6  588 F.2d 1288, 1292 (9th Cir.1979).

7    The Supreme Court addressed a virtually identical situation in Reno v. Koray, 515 U.S. 50

8  (1995). In Reno, the prisoner was released on bail, pending sentencing, and ordered confined to the

9  premises of the Volunteers of America community treatment center. Id.at 52-53.  The prisoner

10  requested credit against his sentence for the approximately 150 days spent at the treatment center. Id.

11  at 53.  The Supreme Court held that the time Petitioner spent at the treatment center while released

12  on bail was not "official detention" within the meaning of 18 U.S.C. § 3585(b). Id. at 65. Thus, the

13  Supreme Court found, the prisoner was not entitled to credit against his sentence for the time spent at

14  the treatment center.

15    Likewise, Petitioner's claim for credit against his sentence must be denied.  Petitioner's case

16  is factually indistinguishable from Reno. Petitioner was not ordered detained or placed in official

17  detention. He was ordered to be released upon posting a bond.  The conditions of the bond required

18  Petitioner to reside on the premises of Cornell Corrections halfway house.  Petitioner was not in

19  "official detention" within the meaning of 18 U.S.C. § 3585(b).  Accordingly, Petitioner is not

20  entitled to any credit against his sentence for the time he spent at Cornell Corrections.  The petition

21  should be denied with prejudice.

**RECOMMENDATION**

22

23    Accordingly, the Court HEREBY RECOMMENDS that:

24    1) The petition for writ of habeas corpus be SUMMARILY DENIED; and

25    2) The Clerk of Court be DIRECTED to enter judgment.

26    This Findings and Recommendation is submitted to the United States District Court Judge

27  assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the

28  Local Rules of Practice for the United States District Court, Eastern District of California.  Within

U.S. District Court
E. D. California     cd

1  thirty (30) days after being served with a copy of this Findings and Recommendation, any party may

2  file written objections with the Court and serve a copy on all parties.  Such a document should be

3  captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the

4  Objections shall be served and filed within ten (10) court days (plus three days if served by mail)

5  after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to

6  28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified

7  time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153

8  (9th Cir. 1991).

9          IT IS SO ORDERED.

10         **Dated:     November 2, 2007**                    **/s/ Gary S. Austin**
                                                            UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

U.S. District Court

E. D. California        cd                                    5